# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 03 C 6625 | DATE | 10/10/2003 |
| CASE TITLE | Simpson vs. Bank One | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] **ENTER MEMORANDUM OPINION:** We grant Simpson's motion (Doc 3-1) to proceed in forma pauperis while denying her request for appointment of counsel and dismissing her complaint, both without prejudice. Simpson will be allowed thirty additional days, from the date of this order, to refile a complaint that articulates a cognizable claim under an applicable federal statute. If she chooses to refile, Simpson is also allowed thirty days to resubmit her request for appointment of counsel along with the appropriate documentation.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | OCT 15 2003 date docketed | |
| ✓ | Docketing to mail notices. | U.S. DISTRICT COURT CLERK | | 5 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 03 OCT 10 PM 3:?? | OCT 15 2003 date mailed notice | |
| SCT | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IDA SIMPSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) 03 C 6625 |
| | ) |
| BANK ONE, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, Chief District Judge:

Before this court is the Application to Proceed Without Prepayment of Fees and Affidavit *In Forma Pauperis* of Plaintiff Ida Simpson ("Simpson"), who is appearing pro se. According to her affidavit, Simpson is unemployed, has no savings or tangible assets, and her only sources of income are monthly long-term employment disability and Social Security payments totaling less than $1,300. In addition, Simpson filed for Chapter 7 Bankruptcy protection in August of 2000. These facts convince us that Simpson qualifies to file *in forma pauperis* and we grant her application. See 28 U.S.C. § 1915.

Having examined her complaint in this case, however, we also conclude that it must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failing to state a claim

upon which relief can be granted. Simpson generally asserts that Defendant Bank One engaged in "deceptive practices" relating to its overdraft protection policies. Simpson specifically claims that Bank One "does not apply overdraft funds available in a customer's account to utilize prevention of overdrafts" resulting in her being "charged an expensive fee with daily accumulated interest." To begin, the jurisdictional basis of her complaint is not clear. While her complaint asks the court if her disability checks are protected by ERISA, Simpson fails to cite a federal statute under which she is filing her claim. Simpson thus does not provide "a short and plain statement of the grounds upon which the court's jurisdiction depends" as required by Federal Rule of Civil Procedure 8(a)(1). Furthermore, even if Simpson had correctly stated a jurisdictional basis in her complaint, she fails to satisfy Federal Rule of Civil Procedure 8(a)(2) by not stating a claim on which relief can be granted. To satisfy Rule 8(a)(2), Simpson "must allege sufficient facts to outline the cause of action, proof of which is essential to recovery." Ellsworth v. City of Racine, 744 F.2d 182, 184 (7th Cir. 1985). Even in light of "the generous reading we must give to pleadings submitted by parties proceeding pro se," Burley v. City of Chicago, 1998 WL 867403, n.2 (N.D. Ill. 1998), we are unable to discern a factual basis for Simpson's claims. Therefore, Simpson's complaint must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Simpson also moves for appointment of counsel. As a preliminary matter, Simpson failed to submit the requisite Motion for Appointment of Counsel form, which is available at the Clerk of Court's office. Regardless, because her complaint fails to state a claim on which relief may be granted, her motion for appointment of counsel is denied as moot.

We therefore grant Simpson's request to proceed *in forma pauperis* while denying her motion for appointment of counsel and dismissing her complaint, both without prejudice. Simpson will be allowed thirty additional days, from the date of this order, to refile a complaint that articulates a cognizable claim under an applicable federal statute. If she chooses to refile, Simpson is also allowed thirty days to resubmit her request for appointment of counsel along with the appropriate documentation.

Charles P. Kocoras
Chief Judge
United States District Court

Dated: OCT 1 0 2003